UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VICENTE PAYES, A- 222-573-487,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07070-DAD-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition and respondent's response are before the court. (ECF Nos. 1, 5.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Guatemala who alleges he has lived in the United States for about 23 years. (ECF No. 5-1 at 1; ECF No. 1 at 2.) Under respondent's evidence, petitioner had two prior encounters with immigration officials in 2003 near Douglas, Arizona, and voluntarily returned to Mexico both times. (ECF No. 5-1 at 2.) Petitioner alleges he has no criminal history

and respondent does not dispute the allegation. (ECF No. 5-1 at 1.) Petitioner has family, a stable residence, and a full-time job which he is unable to attend while detained. (Id. at 2.)

Petitioner was detained by ICE on August 3, 2026, and served with a Notice to Appear charging him as removable. (ECF No. 5-1 at 2, 4.) Petitioner alleges he is detained in violation of his rights including under the Due Process Clause of the Fifth Amendment. (ECF No. 1.)

Respondent opposes the petition. (ECF No. 5.) However, respondent acknowledges the Ninth Circuit has held that 28 U.S.C. § 1226 is the governing statute for petitioner's detention and states petitioner is entitled to seek a custody redetermination before an immigration judge. (Id. 1.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was present in the interior of the United States when he was detained by ICE, and thus the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). By not providing petitioner a bond hearing, respondents are violating the INA.

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner was entitled to an initial bond hearing and other process which should have already been provided. Habeas relief is warranted because petitioner is

detained in violation of the INA, as codified at 8 U.S.C. § 1226(a).

The undersigned recommends a bond hearing rather than outright release because the record lacks evidence that petitioner has acquired a due process liberty interest in remaining free from immigration detention to the extent that immigration officials have not previously admitted or released him into the United States after finding he presents no danger to the community or a flight risk. Cf. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention). Considering § 1226(a)'s discretionary detention framework, and the absence of prior release on bond pursuant to § 1226(a) or otherwise, the undersigned recommends a bond hearing as the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings).

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 paye7070.mer